**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 19-14182-CV-RLR**

**ARON LUNA,**

       Petitioner,

  v.

**RICKY DIXON**,
as Secretary, Florida Department of Corrections

       Respondent.

_____/

**REPORT AND RECOMMENDATION DENYING**
**AMENDED PETITION FOR WRIT OF HABEAS CORPUS (ECF NO. 9)**

Aron Luna, a prisoner in the custody of the Florida Department of Corrections, seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254. [ECF No. 9]. Petitioner is challenging the constitutionality of his conviction and sentence entered following a jury trial in the Nineteenth Judicial Circuit of Florida, Case Nos. 562008CF001915A and 562008CF001938A.  Mr. Luna is serving a 27-year sentence for drug trafficking and drug possession.  He was convicted after a jury trial.

The Petition presents the following claims for relief:

      1.     Mr. Luna was denied due process because of *Brady* and *Giglio* violations, presentation of false evidence, and fraud on the Court.

      2.     Trial counsel was constitutionally ineffective because he failed to move to dismiss Counts 1 and 2 on double jeopardy grounds.

      3.     Trial counsel was constitutionally ineffective because he failed to properly move for judgment of acquittal based on Mr. Luna's lack of knowledge

that drugs were present.

4.     Trial counsel was constitutionally ineffective because he failed to object and move for a mistrial based on the introduction of improper evidence of other crimes.

5.     Trial counsel was constitutionally ineffective because he failed to file a post-verdict motion for new trial.

6.     The cumulative effect of trial counsel's errors deprived Mr. Luna of due process and effective assistance of counsel.

I have reviewed the Amended Petition, the State's Response [ECF No. 10] along with its supporting appendix and state court transcripts [ECF No. 11], and Petitioner's Second Amended Reply [ECF No. 17].   This matter is ripe for decision. It is RECOMMENDED that the Petition be DENIED.

## I.     Facts

Based on the documents docketed here, the following facts appear to be undisputed.[1]

On May 13, 2008, the St. Lucie County Sheriff's Office executed a search warrant at a residence.  During the search, they recovered over 35 grams of cocaine and 1550 grams of marijuana along with equipment and supplies for repackaging the cocaine.  The majority of the marijuana and cocaine was found in the kitchen cabinets.

_____

[1] This information is compiled from the sworn complaint affidavit, the arrest affidavit, the parties' respective pleadings, the trial court's order denying the motion for post-conviction relief pursuant to Rule 3.850, etc.

ECF No. 11-17 at 37 (complaint affidavit).  A small amount of marijuana and $2005 cash were found in the master bedroom.  *Id.* Photographs of Mr. Luna were found on a computer in the residence.  *Id.* Witnesses/co-defendants Omar Luna and Christopher Mesa told the police that Mr. Luna was living in the master bedroom at the residence. *Id.*

Based on the evidence found in the search, the St. Lucie County Sheriff's Office obtained a warrant to arrest Mr. Luna for trafficking in cocaine and possession of cannabis with intent to sell.  They went to the residence the next day, May 14, to arrest Mr. Luna.  He was found outside the residence, next to a white vehicle.  As the officers approached, Mr. Luna walked to the passenger side of the vehicle, closed the door, and starting to walk away.  ECF No. 11-17 at 35 (arrest affidavit).  Officers then approached the car and smelled cannabis.  After a K-9 alerted to the vehicle, they searched the car; they found 123 grams of cocaine, 55 grams of MDMA, 11 grams of oxycodone, 716 grams of cannabis, and firearms. *Id.* at 36.

## II.    Procedural History

Mr. Luna's two cases were consolidated for trial.  ECF No. 11-3.  Case number 08-1915 arose from conduct on May 13, 2008.  It charged him with trafficking in 28 grams or more of cocaine, and possession with intent to sell over 20 grams of cannabis. ECF No. 11-2. Case number 08–1938, arose from conduct on May 14, 2008.  It charged him with trafficking in 28 grams or more of cocaine, trafficking in MDMA, trafficking in 28 grams or more of oxycodone, possession with intent to sell or deliver cannabis and use or possession of drug paraphernalia. ECF No. 11-1.

For purposes of the consolidated trial, the charges were numbered as follows:

| Count | Charge |
|---|---|
| 1 | Trafficking in cocaine on May 13, 2008 |
| 2 | Possession of cannabis with intent to sell on May 13, 2008 |
| 3 | Trafficking in cocaine on May 14, 2008 |
| 4 | Trafficking in MDMA on May 14, 2008 |
| 5 | Trafficking in oxycodone on May 14, 2008 |
| 6 | Possession of cannabis with intent to sell on May 14, 2008 |
| 7 | Possession or use of drug paraphernalia on May 14, 2008 |

ECF No. 4.

On February 20, 2009, the jury returned the following verdicts:

| Count | Charge | Verdict |
|---|---|---|
| 1 | Trafficking in cocaine | Guilty of lesser offense of attempted trafficking in cocaine |
| 2 | Possession of cannabis with intent to sell | Guilty as charged |
| 3 | Trafficking in cocaine | Guilty of lesser offense of possession of cocaine |
| 4 | Trafficking in MDMA | Not guilty |
| 5 | Trafficking in oxycodone | Not guilty |
| 6 | Possession of cannabis with intent to sell | Guilty of lesser offense of possession of cannabis |
| 7 | Possession or use of drug paraphernalia | Guilty as charged |

*Id.*

4

On March 6, 2009, the trial judge sentenced Mr. Luna to fifteen years on count one, five years on count two, five years on count three, and one year on each of the remaining counts of conviction. ECF No. 11-5.   The sentences were to run consecutively.  *Id.* at 9.

Mr. Luna timely appealed both cases, which were consolidated for purposes of appeal.  ECF No. 11-6.  New appellate counsel took over the case.  The appeal raised only two issues: (1) whether the trial court erred in denying Mr. Luna's motion to suppress and (2) whether the trial court erred in denying his motion for judgment of acquittal.  ECF No. 11-7.  On October 10, 2010, the Fourth District Court of Appeal issued a *per curiam* affirmance of the convictions and sentences.  ECF No. 11-9.

On January 11, 2011, Petitioner filed a motion to mitigate. ECF No. 11-10. The trial judge summarily denied the mitigation motion on January 13, 2011, without conducting an evidentiary hearing.  ECF No. 11-11.

On December 10, 2012, Mr. Luna filed a Petition for Writ of Habeas Corpus with the Fourth District Court of Appeal, alleging ineffective assistance of appellate counsel.  ECF No. 11-12.  His petition raised two legal claims.  First, he argued appellate counsel was constitutionally ineffective because he failed to argue that the trial court erred in admitting uncharged evidence of prior drug sales as other-act evidence.  *Id.*  Second, he argued appellate counsel was constitutionally ineffective for not arguing that his conviction on Count 1 for attempted trafficking in cocaine was invalid as a matter of law because (1) he was not charged with an attempted offense and (2) because the trial evidence did not support a guilty verdict on an

5

attempt theory.  *Id.* On April 8, 2013, the Fourth DCA denied the petition on the merits without analyzing the specific legal issues the Mr. Luna raised.  ECF No. 11-13.

On December 14, 2012, Mr. Luna filed a motion under Florida Rule of Criminal Procedure 3.850.  ECF No. 11-14.  These grounds for relief were: (1) trial counsel was constitutionally ineffective for failing to object to the trial court giving a lesser included offense instructions on the cocaine trafficking charges in Counts 1 and 3, (2) trial counsel was constitutionally ineffective for failing to properly move for a judgment of acquittal at the close of the State's case, (3) trial counsel was constitutionally ineffective for not objecting and seeking a mistrial when the State elicited other-crimes evidence prior to the trial court ruling on the admissibility of that evidence,  (4) the conviction for attempted trafficking in cocaine on Count 1 was invalid as a matter of law because he was not charged with an attempted offense and because there was insufficient evidence to support a conviction on an attempt theory, and (5) trial counsel was constitutionally ineffective for not moving for a new trial. ECF No. 11-14.

The December 14, 2012, motion was untimely filed; however, Mr. Luna was granted leave to file a belated Rule 3.850 motion.  *See* ECF No. 11-17 at 1-2.  He then filed a Rule 3.850 motion on February 3, 2014 ("the first 3.850 Motion").  ECF No. 11-15.  This motion raised the following grounds for relief: (1) trial counsel was constitutionally ineffective for not moving for a mistrial based on misjoinder of cases, (2) trial counsel was constitutionally ineffective for not objecting to the lesser included

offense instruction on Counts 1 and 3, (3) the conviction on Count 1 for attempted trafficking in cocaine was invalid as a matter of law because he was not charged with an attempted offense and there was insufficient evidence to prove an attempted offense, (4) trial counsel failed to properly oppose the trial testimony of Christopher Mesa, (5) trial counsel was constitutionally ineffective for not objecting to (and seeking an immediate remedy for) improper other-crimes evidence, (6) trial counsel failed to present a legally sufficient motion for judgment of acquittal at the close of the State's case, (7) trial counsel was constitutionally ineffective for not deposing or interviewing possible material witnesses, (8) trial counsel failed to ask that Mr. Luna's recorded statement to law enforcement be redacted, (9) trial counsel should have filed a motion for new trial, (10) the cumulative errors denied Mr. Luna constitutionally effective counsel. ECF No. 11-15.

On October 6, 2014 the trial court entered a detailed written order denying relief in case 08-1915 ("October 6 Order"). ECF No. 11-17. Although the First 3.850 Motion addressed both cases, the State had inadvertently not responded to the Rule 3.850 motion in case 08-1938. ECF No. 11-20 at 2. So, the trial court did not enter a simultaneous order in that case. *Id.*

On October 16, 2014, Mr. Luna filed a motion to reconsider the October 6 Order. ECF No. 11-18. He also filed a Notice of Appeal from that Order on December 12, 2014, prior to the trial court ruling on the motion to reconsider. ECF No. 11-19. The Fourth District Court of Appeal relinquished jurisdiction and the trial court then entered an order on April 8, 2015, denying the Rule 3.850 motion in case 08-1938.

7

ECF No. 11-20 at 2.[2]  Mr. Luna's motion to reconsider the October 6, 2014, and April 8, 2015, orders was denied on April 16, 2015.  ECF No. 11-20.

On appeal of the denial of his 3.850 motions, Mr. Luna raised two issues: (1) whether trial counsel was constitutionally ineffective for failing to move for a judgment of acquittal and (2) whether the trial court erred in denying an evidentiary hearing on whether trial counsel was constitutionally ineffective for failing to call a witness.  ECF No. 11-21. On November 5, 2015 the Fourth District Court of Appeal issued a *per curiam* affirmance in both cases. ECF No. 11-22.  Mr. Luna moved for rehearing, which was denied on December 16, 2015. ECF Nos. 11-23, 11-24.  The mandate issued on January 5, 2016.  ECF No. 11-25.

On September 5, 2017 petitioner filed a "Motion to Rule and/or Accept as Timely Filed" which the court construed as a motion under Fla. R. Crim P. 3.800(a). ECF No. 11-26.  He argued that he had filed by mail a *pro se* post-conviction motion six years earlier, on November 11, 2011, which had never been docketed or resolved. The trial court issued an order denying relief on September 20, 2017. ECF No. 11-27. Petitioner appealed, and on May 17, 2018, the Fourth District Court of Appeal issued a *per curiam* affirmance.  ECF No. 11-28.  The mandate issued on June 15, 2018. ECF No. 11-29.

---

[2] The April 8, 2015, Order is not part of the record, here, but is discussed in the subsequent Order denying reconsideration, which is part of the record.

On June 14, 2018, Mr. Luna filed a successive 3.850 motion based on newly discovered evidence ("the Successive 3.850 Motion").  ECF No. 11-30.  He alleged that he had learned that Mr. Mesa had testified falsely about not receiving any benefit from the State in return for his testimony.   Mr. Luna alleged that this conduct violated his due process rights under *Brady, Giglio,* and *Napue.*  He also argued for the first time that (1) his trial counsel was constitutionally ineffective for not seeking dismissal of several counts based on double jeopardy and (2) his trial counsel was constitutionally ineffective for failure to request a theory-of-defense jury instruction.

On June 29, 2018, without holding an evidentiary hearing, the trial court denied the Successive 3.850 Motion.  ECF No. 11-31.  The Court found that there was no newly discovered evidence because the witness "entered a negotiated plea on April 9, 2009, that could have been discovered by trial counsel and/or postconviction counsel through the exercise of due diligence."  *Id.* at 2.  The trial court did not reach the merits of the *Brady* claim, nor did it specifically address the double jeopardy or theory-of-defense arguments.  The Court held that the Successive 3.850 Motion was "procedurally barred, impermissibly successive, and an abuse of discretion."  *Id.* (citing Fla. R. Crim. P. 3.850(h)).

Mr. Luna filed a motion for rehearing.  ECF No. 11-32. Before a ruling was issued, Mr. Luna filed a notice of appeal.  ECF No. 11-33. On appeal, he argued that the trial court erred by summarily denying the Successive 3.850 Motion without an evidentiary hearing.  *Id.* On February 28, 2019, the Fourth District Court of Appeal issued a *per curiam* affirmance.   ECF No. 11-35.   Mr. Luna filed a motion for

rehearing, ECF No. 11-36, which was denied.  ECF No. 11-37.  The mandate issued on April 26, 2019.  ECF No. 11-38.

Mr. Luna filed a § 2254 petition on May 24, 2019.  Before the State responded, Mr. Luna filed an Amended Petition on July 30, 2019.

### III.    Standards of Review

1. *Exhaustion*

A state prisoner seeking federal habeas relief must first exhaust available state remedies.

2. *AEDPA deference for issues adjudicated on the merits by the state court*

A prisoner in state custody may not be granted a writ of habeas corpus for any claim that was adjudicated on the merits in state court unless the state court's decision was (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "based on an unreasonable determination of the facts in light of the evidence presented" to the state court. 28 U.S.C. § 2254(d)(1), (2); *see Williams v. Taylor*, 529 U.S. 362, 405–06 (2000); *Fugate v. Head*, 261 F.3d 1206, 1215–16 (11th Cir. 2001).

A state court decision is "contrary to" or an "unreasonable application of" the Supreme Court's clearly established precedent within the meaning of § 2254(d)(1) only if the state court applies a rule that contradicts the governing law as set forth in Supreme Court case law, or if the state court confronts a set of facts that are materially indistinguishable from those in a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. *Brown v.*

*Payton*, 544 U.S. 133, 141 (2005); *Williams*, 529 U.S. at 405–06. In the habeas context, clearly established federal law refers to the holdings of the Supreme Court's decisions as of the time of the relevant state-court decision. *Hall v. Head*, 310 F.3d 683, 690 (11th Cir. 2002) (citing *Williams*, 529 U.S. at 412). In adjudicating a petitioner's claim, however, the state court does not need to cite Supreme Court decisions and the state court need not even be aware of the Supreme Court cases. *See Early v. Packer*, 537 U.S. 3, 8 (2002); *Parker v. Sec'y, Dep't of Corr.*, 331 F.3d 764, 775–76 (11th Cir. 2003). So long as neither the reasoning nor the result of the state court decision contradicts Supreme Court decisions, the state court's decision will not be disturbed. *Early*, 537 U.S. at 8. Further, a federal court must presume the correctness of the state court's factual findings unless the petitioner overcomes them by clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001).

3. *Ineffective assistance of counsel*

A defendant asserting ineffective assistance of counsel must satisfy the two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a criminal defendant to show that: (1) counsel's performance was deficient and (2) the deficiency prejudiced him. *Id*. at 690.

As to the first prong, deficient performance means performance outside the wide range of professionally competent assistance. *Id*. The judiciary's scrutiny of counsel's performance is highly deferential. *Id*. at 689. As to the second prong, a defendant establishes prejudice by showing that, but for counsel's deficient

11

performance, there is a reasonable probability the outcome of the proceedings would have been different. *Id.* at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceedings. *Id.* "[Appellate] [c]ounsel's performance will be deemed prejudicial if [the court] find[s] that 'the neglected claim would have a reasonable probability of success on appeal.'" *Philmore v. McNeil*, 575 F.3d 1251, 1265 (11th Cir. 2009); *Heath v. Jones*, 941 F.2d 1126, 1132 (11th Cir. 1991).

Combining AEDPA deference and *Strickland*'s two-pronged test provides the relevant inquiry in this case. To obtain habeas relief, a petitioner must show the state court "applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

4. *Procedural default under Florida Rule of Criminal Procedure 3.850*

Rule 3.850 permits collateral attacks on criminal convictions. Those claims must be timely asserted or else they are procedurally defaulted. *See, e.g., Harmon v. Barton,* 894 F.2d 1268, 1270 (11th Cir. 1990); *Johnson v. Singletary,* 647 So.2d 106, 109 (Fla. 1994). As relevant here, Rule 3.850(h) says:

> A second or successive motion is an extraordinary pleading. Accordingly, a court may dismiss a second or successive motion if the court finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, *if new and different grounds are alleged, the judge finds that the failure of the defendant or the attorney to assert those grounds in a prior motion constituted an abuse of the procedure or there was no good cause for the failure of the defendant or defendant's counsel to have asserted those grounds in a prior motion.* When a motion is dismissed under this subdivision, a copy of that portion of the files and records necessary to support the court's ruling shall accompany the order denying the motion.

Fla. R. Civ. P. 3.850(h)(2) (emphasis added).  Where a state court has found a habeas claim procedurally barred on adequate and independent state grounds, federal habeas review is precluded unless the petitioner can show cause for the default and actual prejudice.  *E.g., Ward v. Hall,* 592 F.3d 1144, 1156–57 (11th Cir. 2010). Procedural default can also be excused in the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *E.g., Murray v. Carrier,* 477 U.S. 478, 485 (1986).

"To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper,* 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that the result of the proceeding would have been different. *Id.; Crawford v. Head,* 311 F.3d 1288, 1327–28 (11th Cir. 2002). Second, a federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice. *Murray,* 477 U.S. at 495–96. A "fundamental miscarriage of justice" occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent. *Id.*

## IV.   Mr. Luna's 2254 Claims

1. *Brady*

In his first claim, Mr. Luna alleges that newly discovered evidence shows his federal constitutional rights under *Brady v. Maryland* and its progeny were violated because Mr. Mesa falsely denied having spoken to the prosecutor's office and denied having been given any promises or deals in return for his testimony.  Mr. Luna claims that he only recently discovered evidence of Mr. Mesa's deal, which he argues should have been disclosed at his trial and could have been used to impeach Mr. Mesa.  The purportedly newly discovered evidence consists of the Felony Plea Form from Mr. Mesa's plea and sworn affidavits from Mr. Mesa and his lawyer.

Mr. Luna asserts a violation of his federal due process rights.  He raised this claim in state court and exhausted his appeals there. 28 U.S.C. 2254(b).  The *Brady* claim was not adjudicated on the merits.

Mr. Luna made his *Brady* claim, for the first time, in the Successive 3.850 Motion.  The state court found that this argument was procedurally barred as untimely under Florida law, so it never reached the substantive *Brady* claim.  It considered the relevant evidence to be "the favorable terms of his co-defendant's plea agreement in exchange for testimony against the Defendant." ECF No. 11-31 at 1.  It held, "[t]he court finds the claim does not constitute newly discovered evidence where the co-defendant entered a negotiated plea on April 9, 2009, that could have been discovered by trial counsel and/or postconviction counsel through the exercise of due diligence."  *Id.* at 1–2.

This Court lacks the power to consider the merits of Mr. Luna's *Brady* claim because the State court's finding of a procedural default was based on adequate and independent state law grounds. *Ward*, 592 F.3d at 1157–58 (discussing three-part test for independence and adequacy). The State preserved this argument in its Response to Mr. Luna's § 2254 petition. *See* ECF No. 10 at 15 ("It is well settled that when a state court has applied a state procedural bar to a claim, that claim is likewise barred from federal habeas corpus review."). In his Reply, Mr. Luna does not argue that cause exists for the delay in him raising this claim. Nor does he argue that the state court's holding was not based on independent and adequate state law grounds. Instead, he argues that the state trial court erroneously applied a procedural bar because it:

> misconstrued the conditions of Mesa's plea form to require Mesa to testify at Luna's trial against Luna, when in fact the conditions of Mesa's plea form were specifically qualified to require Mesa to testify against Luna at any future proceedings not Luna's trial proceedings which had already concluded.

ECF No. 17 at 3.[3]

Mr. Luna argues that the state court decision is not entitled to AEDPA deference because it was contrary to, and involved an unreasonable application of,

---

[3] Mr. Luna did not make this precise argument in his appeal of the state trial court's order. Rather, he only argued he had presented competent substantial evidence that was not conclusively refuted by the record, so he was entitled to an evidentiary hearing on his newly discovered evidence claim. ECF No. 11-34. Because this substantive argument challenging the procedural default ruling was not presented to the state appellate court, it is arguably not exhausted, which would insulate it from review here on that separate basis. 28 U.S.C. § 2254(b)(1)(A).

*Brady v. Maryland* and its progeny.  ECF No. 9 at 15–18.  He further argues that it is not entitled to AEDPA deference because it was based on an unreasonable determination of the facts.  *Id.* at 18–20.  He says that the trial court misconstrued which evidence he claimed was newly discovered, and therefore erred in finding his *Brady* claim procedurally barred.  *Id.*  These arguments to avoid AEDPA deference are not relevant because the *Brady* claim was not adjudicated on the merits, so no AEDPA deference is owed. 28 U.S.C. 2254(d) (AEDPA deference owed "with respect to any claim that was adjudicated on the merits in State court proceedings").

In sum, the state court found Mr. Luna's *Brady* claim procedurally barred under independent and adequate state law principles.  Mr. Luna has not established (nor even argued) that cause existed for that default.  Therefore, the *Brady* claim cannot be raised on federal habeas review.  The § 2254 petition on this ground should be denied.

2.  *Ineffective Assistance based on failure to argue double jeopardy*

In his second claim, Mr. Luna argues his trial counsel was constitutionally ineffective for failing to move to dismiss Counts 1 and 2 on double jeopardy grounds. ECF No. 9 at 21.  This argument was raised for the first time in the Successive 3.850 Motion.[4]  Mr. Luna argues that any procedural default should be excused because his post-conviction counsel's failure to include this claim in his First 3.850 Motion

---

[4] The § 2254 petition argues that this double jeopardy issue was raised and exhausted as part of Ground 2 of the First 3.850 motion.  ECF No. 9 at 25–26. It was not.  *See* ECF No. 11-15 at 8–12.

establishes cause and prejudice. *Id.* at 21, 25.

I need not address whether cause exists for Mr. Luna not raising this issue in his First 3.850 Motion. Regardless, there was no double jeopardy violation, so he suffered no prejudice.

Florida law uses the following steps to assess whether a double jeopardy violation has occurred:

1. Were the charges based on a single criminal transaction or episode;

2. If so, were the charges predicated on distinct acts;

3. If so, do the charges require proof of different elements;

4. Even if different elements of proof are required, are the charged offenses degrees of the same offense or is one a lesser included offense of the other.

*See Partch v. State,* 43 So.3d 758, 760 (Fla. 1st DCA 2010); Fla. Stat. 775.021(4).

Mr. Luna was convicted in Count 1 for attempted trafficking in cocaine and in Count 2 for possession of cannabis with intent to sell. These charges require proof of different elements, most notably different controlled substances. Also, Count 1 is an inchoate crime that can be committed without taking possession of cocaine (actually or constructively). *See* Fla. Pattern Jury Instructions (Criminal) 5.1. But, Count 2 requires proof of actual or constructive possession. *See* Fla. Pattern Jury Instructions (Criminal) 25.2. And, Counts 1 and 2 are not different degrees of the same offense, nor is one a lesser included offense of the other. Therefore, Mr. Luna's double jeopardy claim fails on the merits. So, he was not prejudiced even if counsel was

deficient in not raising this claim in his First 3.850 Motion.  The § 2254 petition on this ground should be denied.

3. *Ineffective Assistance based on failure to move for judgment of acquittal*

In his third claim, Mr. Luna alleges his trial counsel was constitutionally ineffective for not moving for judgment of acquittal on Count 1 on the theory that Mr. Luna lacked knowledge that cocaine and marijuana were present in the residence. ECF No. 9 at 26.  A review of the trial transcript shows that trial counsel moved for a judgment of acquittal at the close of the State's case.  It appears that Mr. Luna asserts trial counsel was ineffective for not making a more fully-developed argument for acquittal.

This claim was presented, and rejected, in multiple post-conviction motions in state court.  In denying Mr. Luna's First 3.850 Motion, the state court addressed the merits of this claim, adopted the State's counter-arguments, and held, "Defendant has not demonstrated a prima facie showing of the first prong of *Strickland*.  Nor has the Defendant shown that counsel's performance resulted in prejudice." ECF No. 11-17 at 8.  These legal conclusions are entitled to AEDPA deference.

Mr. Luna argues that the state court's decision is not entitled to AEDPA deference "because the merits of the claim were not reached based on an erroneous finding that grounds 3 and 6 of the 3.850 motion were procedurally barred and failed to satisfy *Strickland's* first prong." ECF No. 9 at 28–29.  He is incorrect.  The state court addressed the merits and found no prima facie showing of ineffective assistance of counsel.

18

The state court's decision was not contrary to, or based on an unreasonable application of, federal ineffective assistance law.  Mr. Luna has not shown that the trial court failed to apply *Strickland* properly to the facts presented here. A motion for judgment of acquittal is evaluated by viewing the evidence in the light most favorable to the State.  Here, there was evidence that drugs were recovered from a vehicle that Mr. Luna had just accessed and that drugs were recovered from a residence that had indicia that Mr. Luna was living there.  Moreover, there was incriminating testimony from the cooperating witnesses.  And, there was evidence of prior acts of drug dealing.  Having considered all this evidence, having reviewed the transcript of the motion for judgment of acquittal, ECF No. 11-16 at 97–99, and applying the appropriate AEDPA deference, I cannot find that the trial court wrongly concluded that Mr. Luna had failed to make a prima facie showing of deficient performance by counsel or a showing of prejudice.  This claim for habeas relief should be denied.

4. *Ineffective Assistance based on failure to object to, and seek a mistrial based on, other-act evidence.*

Mr. Luna alleges that trial counsel should have objected and moved for a mistrial when Mr. Mesa was permitted to testify about Mr. Luna selling drugs in the past.  ECF No. 9 at 32.  This claim was raised in several post-conviction motions, including in Grounds 4 and 5 of Mr. Luna's First 3.850 Motion.  ECF No. 11-17 at 5–7.  In denying the First 3.850 Motion, the trial court adjudicated the merits of this claim.  It concluded that Mr. Luna had failed to establish either prong of the

*Strickland* analysis.  ECF No. 11-17 at 6-7.  This conclusion is entitled to AEDPA deference.

Mr. Luna has not shown that the trial court's denial of this claim was based on an unreasonable determination of the facts or was contrary to, and an unreasonable application of, *Strickland v. Washington*.  In its Order denying the First 3.850 Motion, the trial court explained in detail why the other-act evidence was "highly probative in that it showed the Defendant's knowledge, control, and intent and it is likely the Court would have overruled any objection."  ECF No. 11-17 at 7.

Applying the appropriate AEDPA deference and accepting the trial court's conclusion that it likely would have overruled any objection by counsel, I cannot find that the trial court was wrong to conclude (1) that trial counsel was not deficient for not making the objection, or (2) that Mr. Luna was not prejudiced.  This claim for habeas relief should be denied.

5. *Ineffective Assistance based on failure to file motion for new trial*

This claim was raised as Ground 9 in Mr. Luna's First 3.850 Motion and was rejected on the merits.  ECF No. 11-17 at 10-11.  Therefore, it is entitled to AEDPA deference.

In his First 3.850 Motion, Mr. Luna argued that his counsel was constitutionally ineffective for not moving for a new trial on the following grounds: (1) the verdict was contrary to the evidence, (2) the cases should not have been consolidated, (3) improper admission of other-act evidence, (4) invalidity of the attempted trafficking conviction as a matter of law.  ECF No. 11-15 at 27–28.  The

state court denied this claim on the merits.

Under Florida law, a motion for a new trial challenges whether the "verdict is contrary to law or the weight of the evidence." Fla. R. Crim. P. 36.00(a)(2).  Trial counsel's mere failure to file a motion for new trial is not *per se* ineffective assistance of counsel.  *Williams v. State,* 553 So.2d 309, 309 (Fla. 1st DCA 1989).  Instead, even if counsel was deficient for not filing the motion, prejudice must have occurred.  That is, the underlying facts of the case must establish a "reasonable probability that the judge would have granted a new trial if defense counsel had filed the proper motion based on the weight of the evidence." *Lamb v. State,* 124 So. 3d 953, 957 (Fla. 2d DCA 2013); *see also Manley v. State*, 605 So. 2d 1327, 1328 (Fla. 2d DCA 1992) (denying postconviction relief because no "strong likelihood a new trial would have been ordered.").

Mr. Luna has not shown that the trial court's denial of this claim was based on an unreasonable determination of the facts or was contrary to, and an unreasonable application of, *Strickland v. Washington.*  There were ample facts in the record to support the trial court's finding that this ineffective assistance of counsel claim lacked merit.  As the trial court noted, trial counsel had previously objected, unsuccessfully, to the cases being consolidated for trial.  ECF No. 11-17 at 11.  Also, as discussed above, the trial court found that it would have likely overruled an objection to the other-act evidence.  Mr. Luna raised on appeal, and lost, the issue of whether his conviction for attempted trafficking in cocaine was invalid as a matter of law.  Finally, Mr. Luna has not shown a reasonable probability that the trial court would have

found the verdict to be against the weight of the evidence.

For all these reasons, applying the appropriate AEDPA deference, I cannot find that the trial court wrongly concluded, at a minimum, that Mr. Luna had failed to make a showing of prejudice under the second *Strickland* prong.  This claim for habeas relief should be denied.

6. *Cumulative effect of trial counsel's errors denied Mr. Luna his 6th amendment rights*

This claim was raised as Ground 10 in Mr. Luna's first Rule 3.850 motion and was rejected on the merits under both *Strickland* prongs.  ECF No. 11-17 at 11–12. Therefore, it is entitled to AEDPA deference.  Given the lack of merit of each of the individual ineffective assistance of counsel claims, Mr. Luna has not shown that the trial court's denial of this claim was based on an unreasonable determination of the facts or was contrary to, and an unreasonable application of, *Strickland v. Washington*.  This claim for habeas relief should be denied.

## V.    Certificate of Appealability

Rule 11(a) of the Rules Governing § 2254 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. *See* Rules Governing § 2254 Proceedings, Rule 11(b), 28 U.S.C. foll. § 2254.

Based on this record, Petitioner is not entitled to a certificate of appealability. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To merit a certificate of appealability, Petitioner must show that reasonable jurists would find debatable both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); *see also Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). For the reasons stated above, the Court finds that Petitioner's claims are without merit and he cannot satisfy the *Slack* test.

Having considered the petition, the record, and being fully advised, it is hereby **RECOMMENDED** that:

1. This Petition [ECF No. 9] be **DENIED**.

2. No certificate of appealability shall issue.

### <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Robin L. Rosenberg, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

23

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers this 20th day of January, 2022, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE